UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DANIELS HEALTH SCIENCES, LLC,  § | |
| § | |
| Plaintiff,  § | |
| VS.  § | CIVIL ACTION NO. 4:12-CV-1896 |
| § | |
| VASCULAR HEALTH SCIENCES, LLC,  § | |
| § | |
| Defendant.  § | |

## AMENDED PRELIMARY INJUNCTION

This case is before the Court because the Fifth Circuit Court of Appeals remanded the case with the directive to narrow the scope of the preliminary injunction entered in this case. *See* [Dkt. No. 62].

The parties to this suit, Daniels Health Sciences, LLC (plaintiff) and Vascular Health Sciences, LLC (defendant) entered into a Confidential Non-Disclosure Agreement. When the relationship fell into disrepute, a suit was filed by DHS against VHS alleging, among other claims, theft of trade secrets and breach of the Confidential Non-Disclosure Agreement regarding a dietary supplement called "Provasca." Among the documents and papers disclosed was the science that DHS claimed as the composition of Provasca. DHS disclosed secrets to VHS as part of the fundraising efforts. It was presented as "The Path to Provasca." The Court's Memorandum revealed that the products contained "isolated Rhaman Sulfate and L-Arginine."

Having considered VHS's motion to modify the scope of the preliminary injunction and DHS's response and the arguments of counsel, the Court determines that VHS, its officers,

agents, contractors, consultants, servants, employers and persons in active concert or participation with them who receive actual notice of this Order are ENJOINED as follows:

1) from the use, dissemination, destroying, selling, conveying, or distributing any confidential information and/or intellectual property concerning The Path to Provasca, or any derivative thereof, including but not limited to: (a) using The Path to Provasca and/or any publications or studies cited therein to substantiate the structure/function claims of any dietary supplement marketed or sold by VHS; and (b) using The Path to Provasca and/or any publications or studies cited therein to obtain funding from investors; and

2) from the use, dissemination, destroying, selling, conveying, or distributing of any dietary supplement that contains both green seaweed Monostroma and at least 9 milligrams of L-Arginine, or any physiologically acceptable salt of L-arginine, per recommended serving; and

3) from disparaging, undermining, or otherwise attacking the effects that the combination of Rhamnan Sulfate and L-arginine, or any physiologically acceptable salt of L-arginine, has on the structure and/or function of the cardiovascular system; and

4) from conducting tests to prove or disprove the effects that the combination of isolated Rhamnan Sulfate (the compound) and L-Arginine has on the cardiovascular system, and from the dissemination, advertising, destroying, selling, conveying, or distributing information concerning the effects that that the combination of isolated Rhamnan Sulfate (the compound) and L-Arginine has on the cardiovascular system; and

5) from marketing, selling, advertising, distributing, or conveying any product bearing the word "Provasca" or derivatives of that term; and 6) Enjoined from using any medium, url, web address, or device bearing or containing the word "Provasca."

6) from using any medium, url, web address, or device bearing or containing the word "Provasca."

SIGNED on this 5th day of July, 2013.

_____
Kenneth M. Hoyt
United States District Judge